BETHIA E. DISBROW, RESPONDENT, v. JOHN W. MILLS, SURROGATE, ETC., APPELLANT.

*Surrogate — liability of, for money received from his predecessor — Identity of fund.*

A surrogate who receives from his predecessor a sum of money belonging to several estates, and pays the same out, as from a sum in gross, on various claims that are presented, without taking the pains to find out to what estates the fund belonged, though he had the means of doing so by reasonable investigation, is liable to the parties entitled to such sum, or any part thereof.

The deposit by the surrogate of the fund belonging to the plaintiff, indiscriminately with other funds, did not impair the plaintiff's title to such fund.

The identity of a sum of money or debt does not consist of the pieces of coin, but in the fund, which may be followed as long as its identity can be traced.

APPEAL from a judgment entered on the report of a referee in favor of plaintiff.

TALCOTT, J.:

There seems to be no doubt of the propriety of the judgment in this case on the merits. The brief history of the case is this: Alfred Disbrow, from whom the plaintiff derives title, by the decease of her brother Stephen R. Disbrow, became entitled to the sum of $2,653.19, as his distributive share of that brother's estate. A creditor of said Alfred Disbrow, seeking to set aside the assignment under which the plaintiff claims, had obtained an injunction against the plaintiff, Alfred Disbrow, and others, restraining them

from collecting and receiving this distributive share, and seeking to have it applied in payment of his debt. On a final settlement of the account of the administrator of Stephen R. Disbrow's estate, the share of Alfred Disbrow, namely, the sum of $2,653.19, as adjudged by the decree of Surrogate Reuben H. Coles, then surrogate of Westchester, was, as ordered by the decree on such final accounting, paid over into the hands of Surrogate Coles, and left in his hands. Surrogate Coles invested the amount, by loaning the same to T. Davids & Co., in January, 1859. Surrogate Coles died in January, 1862, while the money thus loaned to T. Davids & Co. was still in their hands. S. D. Gifford was thereupon appointed surrogate of Westchester, and, while he held the office, the administrators of Coles passed over to Gifford, as funds belonging to the Surrogate's Court, the note of Davids & Co., and Gifford collected the money of them, and held it in deposit in the New York Life Insurance and Trust Company, while he held the office, as funds belonging to the Surrogate's Court. The defendant, on the 1st of January, 1863, succeeded to the office of surrogate of Westchester, and, on the 7th of January, 1863, Gifford paid over to the defendant the gross sum of $7,267.89, being a balance of funds in his hands as surrogate, and took the defendant's official receipt for the gross amount, as funds which had been held by Gifford as surrogate, and delivered over to the defendant, as the successor of Gifford. It clearly appears, and is found by the referee, that this sum of $7,267.89, so paid over to the defendant in gross, by his predecessor in office, comprised, as a part thereof, the identical fund belonging to the plaintiff, to wit, the $2,653.19, the distributive share of Alfred Disbrow of his brother's personal estate. The amount was transferred by Gifford to the defendant by a check on the New York Life Insurance and Trust Company, where it was drawing interest, and the amount was passed to the credit of the defendant, drawing interest as before. The sum paid over by Surrogate Gifford to the defendant, embraced sums due to various parties, by reason of the proceedings of the surrogate's office during the time of Coles, but the defendant made no inquiry or attempt to ascertain to whom the several sums, comprised in the gross amount received from his predecessor in office, belonged, but went on paying out of that amount, as from a sum in gross, such

claims as were presented, until the amount so received from Gifford has become reduced to about $1,400. The fact is that the said sum, so received by Gifford of T. Davids & Co., was ascertainable from the account of the Disbrow estate in the book in the surrogate's office, which Coles, Gifford and the defendant used for keeping their official accounts; and, in fact, was indicated by an entry in that account, made by one Jenkins, who had his office with the defendant, and was by him permitted to make entries in the book, acting as the clerk of the defendant. Before the commencement of this suit, the defendant was notified of the plaintiff's title, and of the dissolution of the injunction which had been issued restraining the collection of the money by the plaintiff, and payment was demanded. We think the plaintiff was entitled to recover the whole amount of the distributive share which came to the hands of the defendant. It is of no importance to inquire by what authority Surrogate Coles directed the money to be paid over to him, or whether the investment in the note of T. Davids & Co. was lawful. The precise fund was accounted for by the estate of Coles to Gifford, and passed over by him to the defendant as a trust fund with others. If the defendant paid out a portion of this money to some person not entitled to it, he paid it in his own wrong. The money, when it came to his hands, was affected with the specific trust. The deposit of the fund belonging to the plaintiff, indiscriminately with other funds, did not impair the title of the plaintiff to her property.[*] The identity of a sum of money or debt, does not consist of the pieces of coin, but in the fund, which may be followed as long as its identity can be traced.[†] That this fund came to the hands of the defendant is indisputable. He not only had notice that it was held in trust for somebody, but he had the means, by reasonable investigation, of discovering who was the *cestui que trust;* and, if he chose to remain in voluntary ignorance of the true ownership, and has thus been led to pay it over to somebody not entitled to it, he must seek his remedy against the person to whom he has thus mistakenly paid it. We think he could not justify the payment of the money of the plaintiff over to somebody else, under the circumstances of this case. The defendant is not held liable for the

[*] Van Alen v. The Am. Bank, 52 N. Y., 1.
[†] Hill on Trustees, 164, and Van Alen v. Am. Bank, *supra.*

financial shortcomings, if any, of Surrogate Coles, but upon the sole ground that the plaintiff's fund has been identified and traced to his hands, and he has paid it away, if he has so paid it, without authority or justification. On the merits, therefore, we think the judgment should not be disturbed, and we see nothing in the exceptions to the admission of evidence, to which our attention has been called, which requires a reversal of the judgment. A resort to the check book of Coles, was necessary in tracing the identity of the money loaned to T. Davids & Co., and showing it to be the money of the plaintiffs. Coles had kept the money indiscriminately with his own, and the entry by him on the stub of the check, of $450, which check, it was proved, was paid out of the general account to his credit in the bank on which it was drawn, was an act of appropriation by him of that $450 to the Disbrow fund in his hands. The entries on the account book kept in the surrogate's office, and used by Coles, Gifford and the defendant as an account with official funds, were admissible in evidence, tending to show, if the defendant did not know the precise fact that the plaintiff was entitled to the sum of $2,653.19, parcel of the $7,267.89, held by the trust company, and transferred to the defendant's credit, that he at least had the means of knowledge in his possession. The letter from the attorney for the plaintiff, addressed to the defendant, under date of March 2d, 1870, the admission of which was objected to on the ground that it had not been received, was not material in the case, whether received by the defendant or not. But enough evidence was given to raise a presumption of its receipt by the defendant, and to carry the question as one of fact to the referee.

The judgment must be affirmed, with costs of the appeal.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.